# State Line Railroad Company, Plff. in Err., *v.* William H. Playford.

Where a mortgagee in possession at the time of the location of a railroad through the mortgaged premises takes from the railroad company a bond for damages, and afterwards buys the land and has the damages assigned to him by the former owner, the railroad company cannot, in proceeding to assess the damages, avail itself as a defense of the fact that the plaintiff was not the owner at the time the road was located.

A person who has been acquainted with the property all his life, has some knowledge of the value of real estate in the neighborhood, and has bought and sold property there within the past few years, is competent to testify as to the effect of the construction of a railroad on the value of the property in question.

A person who is not sufficiently acquainted with values to give an opinion is not competent.

(Argued May 9, 1888.   Decided May 21, 1888.)

---

NOTE.—Where the owner of land, subject to liens, is in possession, damages are properly assessable to him when the property is taken by virtue of power of eminent domain. Knoll v. New York, C. & St. L. R. Co. 121 Pa. 467, 1 L. R. A. 366, 15 Atl. 571; Schuylkill Nav. Co. v. Thoburn, 7 Serg. & R. 411. But the fund received is held in trust for the lien creditors. Reese v. Addams, 16 Serg. & R. 40; Keller v. Pittsburg & L. E. R. Co. 29 Pittsb. L. J. 316. And the railroad company may be permitted to pay the money into court for its protection. Philadelphia & R. R. Co. v. Pennsylvania S. Valley R. Co. 151 Pa. 569, 25 Atl. 177.

July Term, 1888, No. 39, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas of Fayette County to review a judgment on a verdict for the plaintiff on an appeal from the award of viewers to assess damages for land taken by right of eminent domain for a railroad, December Term, 1884, No. 86. Affirmed.

The facts as they appeared at the trial before EWING, J., were thus stated in his opinion refusing a new trial:

In August, 1883, one L. B. Reynolds owned the land taken by the defendant, and during that month Mr. Manning, chief engineer, made the survey of the line which was adopted as the final location, and upon which line the construction of the road was begun in June, 1884, and shortly completed. The mill is the only building on the property, and at the time this survey was made Mr. Manning says it was idle. It does not appear that Mr. Reynolds, or anyone representing him, was present when this survey was made or had any knowledge of it. Regarding the survey and location Mr. Manning alone testifies, and he says: "I personally made the location of this railroad over this property,—was chief engineer and ran the line; the location was made between August 23 and 30, 1883; this final location never changed,—could only run that one place; this location was adopted; the construction was begun in June, 1884."

At the time of the survey the plaintiff was the mortgagee of this property, holding said mortgage as security for the sum of $8,000, for which sum he acquired a title to the property on May 6, 1884. No knowledge of the survey, or location, of August, 1883, is brought home to either Reynolds or the plaintiff, nor is it shown that any marks were even then placed upon the ground, so that the entry at that date was without authority of any kind from the owner. In June, 1884, the plaintiff appears as first cognizant of the purposes and intentions of the defendant, and then it, having failed to agree with him relative to the damages, gave him a bond to secure said damages, and thereafter entered and prosecuted its work. The bond is dated June 10, 1884. On September 30, 1884, viewers were appointed to assess the damages, and in November their report was filed, and on December 11 the defendant appealed. No question as to the right of the plaintiff to said damages was raised until during the

trial of this appeal. Mr. Reynolds then appeared and testified as a witness in the plaintiff's behalf, and has never made any claim against the defendant. Indeed, he made a formal assignment on the day of the trial of any possible claim he might have, to the plaintiff, which assignment was filed among the papers in the case on the day of the argument of this rule.

N. P. Cooper, a witness for the plaintiff, testified on direct examination, as follows:

*Q.* Where do you reside, Mr. Cooper?

*A.* Uniontown.

*Q.* You are the owner of real estate here in town, are you?

*A.* Yes, sir.

*Q.* What is your business?

*A.* Groceries.

*Q.* Are you acquainted with the Reynolds mill property in town here?

*A.* Yes, sir.

*Q.* How long have you known it?

*A.* Known it all my life.

*Q.* Did you know it before and after the construction of the railroad over it?

*A.* Yes, sir.

*Q.* Have you been on it since the construction of the road?

*A.* Yes, sir.

*Q.* Did you see the road being constructed?

*A.* Yes, sir.

*Q.* Have you some knowledge of the value of real estate about the town?

*A.* I think so, sir.

*Q.* State, sir, whether or not you have, during the last few years, bought and sold real estate?

*A.* Bought, but not sold.

*Q.* State, Mr. Cooper, how, in your opinion, the location and construction of that road has affected the market value of this property?

(Objection, that the witness has not qualified himself to give an estimate.)

By the court: Objection overruled and evidence admitted. Exception. [4]

Albert Gaddis, another witness for the plaintiff, on direct examination testified as follows:

*Q.* Mr. Gaddis, what is your occupation and business?

*A.* I am a miller.

*Q.* How long have you been engaged in the business?

*A.* About two years.

*Q.* How long have you resided in the town?

*A.* I live in North Union township.

*Q.* Are you familiar with the values of property around Uniontown—real estate?

*A.* I have had some experience in it.

*Q.* Are you acquainted with the Reynolds mill property over here?

*A.* Yes, sir.

*Q.* Did you know it prior to 1884?

*A.* Yes, sir.

*Q.* Know it since?

*A.* Yes, sir.

*Q.* Have you ever been on the property?

*A.* Yes, sir.

*Q.* Since the location and construction of the railroad?

*A.* Yes, sir.

*Q.* Did you ever look at or through the mill?

*A.* I have been in it.

*Q.* Are you familiar with the manner in which the railroad comes through the property—through the land?

*A.* Yes, sir.

*Q.* State, sir, what, in your opinion, would be the effect on the market value of that piece of land over there, taking the land and mill together as one property.

(Objection, that the witness has not qualified himself to give an estimate.)

By the court: Objection overruled and evidence admitted. Exception. [5]

Morgan Canan, a witness for the defendant, having testified that he was employed in this mill for a number of years, up to the time or about the time of the location and construction of this railroad over it, and that he had bought a part of the land himself at or about that time; that he had known of the sales of lots and the prices paid for them about the town, and that he

knew the use to which this property was put,—the defendant offered to ask him what, in his judgment, was the effect upon the market value of this property of the location and construction of the State Line Railroad over it. (Objection.)

By the court: The witness having stated that he wasn't acquainted with the market value of this property at the time of the location and construction of this railroad, or sufficiently acquainted with the market value or property in the neighborhood about that time to give an opinion, the objection is sustained. Exception. [6]

The defendant submitted the following point, requesting the court to charge the jury "that, if they believe from the evidence that the defendant's road was finally located on and over the land in question, at a time when it was owned by W. B. McCormick or L. W. Reynolds, and before Reynolds sold to plaintiff, the plaintiff is not entitled to recover."

*Ans.* Refused. [1] .

The court charged, *inter alia,* as follows:

On arriving at your conclusion you will necessarily have to consider the advantages and disadvantages to the property occasioned by the construction of this road, and you will consider it as of the time when the road was located and constructed. You will remember that there was some evidence in the case on the part of the defendant that the road was located there in August of 1883, but it seems from the testimony on the part of the plaintiff that the knowledge of that fact was entirely within the breast of the defendant company, and that the plaintiff knew nothing about it until the early summer or late spring of 1884, at which time the defendant company gave the plaintiff a bond, being unable to agree with him as to the amount of damage, and then entered upon and constructed its road over his land, in June of that year; and it seems that, by common concurrence, the time when you are to determine the damages is as of June, 1884. The rule which you are to follow in arriving at your conclusion is the market value of the property as affected by the location and construction of that road at the time when it was constructed. That is, in this case you are to determine the difference, if any, in the market value of the property in June, 1884, occasioned by the construction of this road over it. You will, therefore, remember that your inquiry as to the market value of the property is to be confined to that date. [2]

I don't know that it is necessary for me to say anything more to you than to again call your attention to the fact that it is the market value of this property in June, 1884, for any and all purposes for which it would have value in the market, that you are to consider, as affected by nothing else than the location and construction of this railroad upon it.    [3]

Verdict and judgment were for the plaintiff for $3,050.

The assignments of error specified: (1) The refusal of the defendant's point; (2, 3) the portions of the charge quoted; (4, 5) the admission of evidence; and (6) the rejection of evidence.

*Boyle, Mestrezat, & Boyle,* for plaintiff in error.—The question raised by defendant's point is whether Mr. Playford is entitled to recover, he having acquired his title after the final location of the road.    The court below held that he was, and instructed the jury that the time to which they should confine their inquiry as to the damages was June, 1884, when the road was built.

If Reynolds became entitled to damages for what the defendant did in the way of location, etc., while he was the owner of the land, his right did not pass to the plaintiff by the conveyance of the land made in May, 1884.    Blackiston's Appeal, 81* Pa. 339; McFadden v. Johnson, 72 Pa. 335, 13 Am. Rep. 681; Tenbrooke v. Jahke, 77 Pa. 392; Schuylkill & S. Nav. Co. v. Decker, 2 Watts, 343; Zimmerman v. Union Canal Co. 1 Watts & S. 346.

A railroad company acquires certain rights by locating its road.    Its location cannot be appropriated by any other company.    Wilkesbarre & P. R. Co. v. Danville, H. & W. R. R. Co. 29 Phila. Leg. Int. 373; Titusville & P. Centre R. Co. v. Warren & V. R. Co. 12 Phila. 642; New Brighton & N. C. R. Co. v. Pittsburgh, Y. & C. R. Co. 105 Pa. 13.

It follows that a corresponding obligation on the part of the company to the land owner arises at the same time, and this obligation consists in the liability of the company to pay the land owner damages.    This liability exists the moment a final location is made.    Wadhams v. Lackawanna & B. R. Co. 42 Pa. 310; Neal v. Pittsburgh & C. R. Co. 31 Pa. 19, 2 Grant, Cas. 137.

A railroad company is so far concluded by the location of its

road that it is bound to pay the land owner full damages, notwithstanding it abandons such location and adopts another. Location is an appropriation.    Beale v. Pennsylvania R. Co. 86 Pa. 509; Davis v. Titusville & O. City R. Co. 114 Pa. 308, 6 Atl. 736.

The taking of land for public use by a railroad company is completed by the location of its road upon it.    Proceedings for the assessment of damages may be begun by the land owner immediately thereafter.    Bate v. Philadelphia & N. P. R. Co. 1 Montg. Co. L. Rep. 47.

Plaintiff had a mortgage on the property at the time of the location, but that would not have entitled him to institute the proceeding, and cannot support his recovery.    The proceeding must be in the name of the owner, "and the title ought to be rightly set forth in the petition."    Harrisburg, P. M. & L. R. Co. v. Bucher, 7 Watts, 33.

If Cooper and Gaddis were competent, so was Canan; Canan certainly knew more about the property, and how it had been affected, than either of the other witnesses.    Pittsburgh, V. & C. R. Co. v. Vance, 115 Pa. 325, 8 Atl. 764.

*A. D. Boyd* for defendant in error.

PER CURIAM:

No sufficient error appears upon this record to justify us in reversing the judgment of the court below.    The plaintiff below was in possession of the land in question when the road was constructed, and the company gave him its bond to secure his damages as provided by act of assembly.    If the fact be as alleged, that Reynolds was the owner at the time of the location of the road, the company is not harmed in view of the fact that Reynolds has assigned his right to the damages to the plaintiff. The damages were assessed for the injury to the land, and it is of no consequence to the company to whom the damages are paid, provided it is not injured or placed in jeopardy of paying them the second time.    None of the assignments of error is sustained.

Judgment is affirmed.